# EXHIBIT A

## IN THE CIRCUIT COURT OF RAY COUNTY, MISSOURI
## AT RICHMOND

| | |
|---|---|
| PENNY J. SHOCKEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| | ) |
| v. | ) Case No.: 13RY-CV01199 |
| | ) JURY TRIAL DEMANDED |
| RAY COUNTY MEMORIAL HOSPITAL, | ) |
| | ) |
| | ) |
| and | ) |
| | ) |
| BESSINE WALTERBACH, LLP, | ) |
| | ) |
| Serve: Scott Walterbach, Registered Agent | ) |
| 3000 Northeast Brooktree Lane | ) |
| Suite 100 | ) |
| Kansas City, Missouri 64119, | ) |
| | ) |
| Defendants. | ) |

## PETITION

## FACTS COMMON TO ALL COUNTS

COMES NOW Plaintiff Penny J. Shockey and for her petition against Defendant Ray County Memorial Hospital and against Defendant Bessine Walterbach, LLP states as follows:

1.     These are claims for compensatory and punitive damages and injunctive relief brought by Plaintiff Penny Shockey (Shockey) for causes of action against Defendant Ray County Memorial Hospital ("Hospital") and Defendant Bessine Walterbach ("Bessine Walterbach") for Count I, violation of the Missouri Merchandising Practices Act, Count II, Missouri Revised Statutes Section 407.010 et seq. ("MMPA"), for Wrongful Garnishment, Count III, for Breach of Contract, Count IV, Money Had and Received and Count V, Petition to Set Aside Judgment.

2.      That Plaintiff Penny J. Shockey is presently a resident of Kingfisher, Kingfisher County, Oklahoma, but at all times mentioned herein was a resident of Ray County, Missouri.

3.      Defendant Hospital is a not-for-profit hospital located in Richmond, Ray County, Missouri and established pursuant to Sections 205.160 to 205.340 of the Revised Statutes of Missouri.

4.      Defendant Bessine Walterbach is a law firm which is a limited liability partnership which can sue and be sued. Defendant Bessine Walterbach is located in Kansas City, Clay County, Missouri.

5.      Pursuant to § 508.010(4) R.S.Mo., venue is proper in Ray County, Missouri, since Plaintiff in this petition alleges a tort which occurred in Ray County.

6.      That Bessine Walterbach is a debt collector, and at all times mentioned herein Bessine Walterbach was employed by Hospital to collect patients' accounts which Hospital alleged were overdue.

7.      That in September 2011 Hospital entered into a written contract with Shockey as its patient to provide medical services to Shockey. Hospital has not provided Shockey with a copy of the contract, however, a copy of Hospital's same standard patient contract as Shockey signed is attached hereto as *"Exhibit A"*.

8.      That by the terms of the paragraph 4 of the contract Shockey agreed to assign to the Hospital her insurance benefits for application on Shockey's bill.

9.      That according to paragraph 5 of the contract Shockey further agreed "that in consideration of the services to be rendered to the patient," Shockey would "pay the charges of the Hospital in accordance with the regular rates and terms of the Hospital".

2

10.     That Shockey was a subject for charity care as set out by Section 205.330 R.S.Mo. and should have been provided services by Hospital at no charge or at a reduced charge as provided by Section 205.270 and Section 205.330 R.S.Mo.

11.     That Section 205.330 provides as follows:

> The board of hospital trustees shall have power to determine whether or not patients presented at said public hospital for treatment are subjects for charity, and shall fix such price for compensation for patients, other than those unable to assist themselves, as the said board deems proper, the receipts therefor to be paid to the treasurer of said county and credited by him to the hospital fund.

12.     That contrary to Section 205.330 Hospital failed to determine whether or not Shockey was a subject for charity care and failed to advise Shockey of the availability of charity care or financial assistance.

13.     That in fact, the board of trustees of Hospital had no policy to determine whether Shockey was a subject for charity care and had not fixed the price for compensation for charity care patients as required by Section 205.330.

14.     Instead, Hospital charged Shockey the full cost for her medical services.

15.     In addition, Hospital charged Shockey for amounts she did not owe, including bills for her estranged husband, Samuel Shockey, and bills for her adult daughter, LaQuisha Griffin.

16.     That Plaintiff and Samuel Shockey had separated in February 2011 and were divorced on August 28, 2014.

17.     That LaQuisha Griffin, Plaintiff's daughter, was born on February 22, 1989.

18.     That Shockey had never agreed to pay the bills of her estranged husband or her adult daughter.

3

19.     That Shockey was not a guarantor of the bills of her estranged husband or her adult daughter.

20.     That despite the fact that Shockey was not responsible for the bills of her estranged husband and adult daughter, Hospital submitted these bills to Shockey's employer's insurance company and received payment for these charges.

21.     That Hospital then turned the balance of the bills for Shockey's estranged husband and adult daughter over to its collection company which repeatedly called and wrote Shockey misrepresenting to Shockey that these were her hospital bills and threatening to sue Shockey if these bills were not paid by Shockey.

22.     That when Shockey was unable to pay these bills Hospital turned the accounts for Samuel Shockey and LaQuisha Griffin over to Hospital's debt-collecting law firm, Defendant Bessine Walterbach.

23.     Hospital and Bessine Walterbach then sued Shockey by a petition in this Court for the balance of the debts of Samuel Shockey and LaQuisha Griffin not already paid by Shockey's employer's insurance.

24.     In support of their petition styled *Ray County Memorial Hospital v. Penny Shockey, Case No. 12RY-CV00325, Verified Petition for Medical Services Rendered,* Hospital and Bessine Walterbach filed a sworn affidavit titled "Missouri Medical Affidavit", with this Court, attached hereto as *"Exhibit B"*, which was attested by Hospital's head of Patient Accounts and Collections, and notarized by Hospital's Chief Financial Officer. The Affidavit included five accounts identified as Shockey's, but two of the accounts are not Shockey's: one of the accounts is her estranged husband's and one account is her adult daughter's.

4

Electronically Filed - Ray Circuit Division - July 16, 2019 - 10:31 AM

25.     That the accounts of her estranged husband and her adult daughter constituted Two Thousand Seven Hundred Seventy-Five Dollars and Eighty-Seven Cents ($2,775.87) of the total amount sued for by Defendants of Three Thousand Four Hundred Sixty-Seven Dollars and Forty-Nine Cents ($3,467.49).

26.     That in the Affidavit Hospital and Bessine Walterbach misrepresented that Shockey was Hospital's "Client" identified as number "0172" on each of the five accounts, despite the fact that Shockey was not the client on the Hospital accounts of Samuel Shockey and LaQuisha Griffin, and Shockey had not guaranteed payment of these accounts of her estranged husband and adult daughter.

27.     That Hospital and Bessine Walterbach misrepresented to the Court that these accounts were Shockey's accounts when they knew or should have known that the accounts were those of Samuel Shockey and LaQuisha Griffin.

28.     That in addition to suing Shockey for accounts which were not hers, Hospital and Bessine Walterbach also sued Shockey for attorney fees in the amount of fifteen percent (15%) of the total amount of these accounts, despite the fact that Shockey had not agreed to pay this amount of attorney fees.

29.     Hospital and Bessine Walterbach presented no evidence to the court to justify this amount of attorney fees, and said attorney fees were arbitrary and unreasonable.

30.     That Hospital and Bessine Walterbach knew or should have known that charging attorney fees of fifteen percent (15%) of the total amount of a patient's bill without any evidence to support the award was not reasonable since the law firm of Bessine Walterbach had previously been admonished against this practice by the Court of Appeals in the case, _Manfield v Auditorium Bar and Grill, Inc_., 965 S.W. 2d 262 (W.D. 1998).

5

Electronically Filed - Ray Circuit Division - July 16, 2019 - 10:31 AM

31.     That on June 25, 2012, the Court awarded judgment against Shockey based on Defendants' false affidavit.  A copy of this judgment is attached as *"Exhibit C"*.

32.     That Hospital and Bessine Walterbach then repeatedly garnished Shockey's salary on this judgment beginning July 23, 2012, until a satisfaction of the judgment was entered on March 2, 2015.

33.     That the wrongful garnishments of Shockey's salary by Hospital and Bessine Walterbach resulted in an unlawful seizure of Shockey's wages in excess of thousands of dollars.

34.     That Hospital and Bessine Walterbach seized amounts through garnishments of Shockey's wages in excess of what was owed to Hospital by Shockey for any services Shockey received.

35.     That the bills and charges of Hospital and Bessine Walterbach were not fair and were not reasonable in amount and were not agreed to by Shockey.

36.     That Shockey paid more than the reasonable value of the goods and services that she received from Hospital.

## COUNT I

### VIOLATION OF THE MISSOURI MERCHANDISING PRACTICES ACT
### CHAPTER 407 R.S.MO

**Penny J. Shockey v. Ray County Memorial Hospital and
Bessine Walterbach, LLP**

COMES NOW Plaintiff Penny J. Shockey and for Count I of her petition against Defendant Hospital and Defendant Bessine Walterbach states as follows:

37.     Plaintiff hereby incorporates paragraphs 1 through 36 of this petition as though fully set out herein.

6

38. Defendant Hospital is a "person" within the meaning of the Missouri Merchandising Practices Act (hereinafter "MMPA") Section 407.010(5) R.S.Mo.

39. Defendant Bessine Walterbach also is a "person" within the meaning of the Missouri Merchandising Practices Act (hereinafter "MMPA") Section 407.010(5) R.S.Mo.

40. Hospital's services that it provided Shockey constitute a "sale" as defined by Section 407.010(6) and Section 407.020 of the Revised Statutes of Missouri.

41. Hospital's sale of its medical services to Shockey was primarily for personal, family, or household purposes.

42. Bessine Walterbach's collection of Hospital's account was in connection with Hospital's sale of its services to Shockey.

43. Hospital and Bessine Walterbach used and employed deception, fraud, false pretense, false promise, misrepresentation, unfair practice and the concealment, suppression and omission of material facts in connection with the sale of Hospital's medical services and the collection of Hospital's account in connection with that sale to Shockey as set out above.

44. Specifically, Hospital submitted bills of Shockey's estranged husband and adult daughter to Shockey's employer's insurance company for payment although Shockey had not agreed to pay these bills and was not responsible for these accounts.

45. Hospital and Bessine Walterbach then filed suit and obtained a judgment in this Court against Shockey for the balance of these bills, based on a sworn affidavit misrepresenting that the bills of Shockey's estranged husband and adult daughter were the bills of Plaintiff Shockey.

46. That as a result of the deception and misrepresentations of Hospital and Bessine Walterbach, Shockey suffered repeated garnishments of her wages by Hospital and

7

Bessine Walterbach, humiliation and embarrassment as a result of the repeated collection procedures and garnishments, a loss of reputation, and emotional distress and damage to her credit.

47. That Defendants' wrongful charges, lawsuit and judgment and garnishments against Shockey have damaged Shockey's credit history and credit score resulting in her inability to get approved for new credit and making it more difficult for her to obtain credit.

48. That Plaintiff is entitled to an award of punitive damages against Hospital and Bessine Walterbach because of Defendants' evil motive or reckless indifference to the rights of others and specifically to the rights of Plaintiff Penny J. Shockey.

49. That § 407.025(1) R.S.Mo. provides that "the Court may, in its discretion, award punitive damages and may award to the prevailing party attorney fees, based on the amount of time reasonably expended, and may provide such equitable relief as it deems necessary or proper".

50. That Shockey will suffer immediate and irreparable injury, loss and damage unless Defendants are enjoined from reporting Shockey's accounts to credit reporting companies and unless Defendants remove the wrongful charges, judgment and garnishments from her credit record.

WHEREFORE Plaintiff Penny J. Shockey prays judgment against Defendant Hospital and Defendant Bessine Walterbach as follows:

      a.    For the actual damages suffered by Penny J. Shockey as a result of Hospital and Bessine Walterbach's violations of the MMPA, including reimbursement for the unreasonable attorney fees and charges and fees she did not owe;

b.     Damages for the humiliation, embarrassment, loss of reputation, and emotional distress caused to Shockey by Defendants;

c.     Punitive damages pursuant to Section 407.025 R.S.Mo. as allowed by law;

d.     Reasonable attorney fees as provided by Section 407.025 R.S.Mo.;

e.     Injunctive relief enjoining Defendants from reporting any false information concerning Shockey's accounts to any credit reporting agency,

f.     Injunctive relief enjoining Hospital and Bessine Walterbach from further collections against Shockey on any accounts for which she is not responsible;

g.     Injunctive relief requiring Hospital to reimburse Shockey's employer's insurance company for the amounts paid on accounts for which Shockey was not responsible;

h.     Injunctive relief requiring Hospital and Bessine Walterbach to remove from Shockey's credit report and history all negative reports concerning the wrongful charges, suit, judgment and garnishments as set out herein;

i.     Such other relief as the Court deems proper.

## COUNT II

## WRONGFUL GARNISHMENT

### Plaintiff Penny J. Shockey v. Ray County Memorial Hospital and Bessine Walterbach, LLP

COMES NOW Plaintiff Penny J. Shockey and for her cause of action for Wrongful Garnishment against Hospital and Bessine Walterbach states as follows:

51.    Shockey hereby incorporates by reference her allegations set out in paragraphs 1 through 50 above.

52.    That Hospital and Bessine Walterbach repeatedly garnished Shockey's salary on these wrongful and illegal amounts and charges.

9

53.     That the garnishments by Hospital and Bessine Walterbach were an abuse and misuse of the garnishment statute.

54.     That Hospital and Bessine Walterbach violated the garnishment statutes on each of the garnishments these defendants served on Shockey's employer, as follows:

    a.    On each of the garnishments Hospital and Bessine Walterbach failed to serve a copy of the garnishment summons and writ on Penny J. Shockey, the judgment debtor, as required by Rule 90.03(b)(c);

    b.    On each of the garnishments Hospital and Bessine Walterbach failed to file a certificate of service of the garnishment summons and writ with the court at the time of mailing, as required by Rule 90.03(b)

55.     That as a result of Hospital's and Bessine Walterbach's violations of the garnishment statutes, and specifically the failure to notify Shockey of the garnishments, Shockey was repeatedly hindered from filing the head of household exemption before her wages were garnished, allowing Defendants to garnish 25% of Shockey's wages instead of the 10% allowed against the head of a household to which she was entitled.

56.     That the repeated garnishments damaged Shockey's credit.

57.     That the abusive, unlawful and wrongful collection procedures, lawsuits and garnishments against Shockey by Hospital and Bessine Walterbach caused Shockey an ascertainable loss of economic injuries, including collecting monies from Shockey which she did not owe, damage to her credit, humiliation and embarrassment from the repeated garnishments of her wages, a loss of reputation, emotional distress from not being able to pay her bills, and other damages.

10

Electronically Filed - Ray Circuit Division - July 16, 2019 - 10:31 AM

58.     That Plaintiff is entitled to an award of punitive damages against Hospital and Bessine Walterbach because of Defendants' evil motive or reckless indifference to the rights of others and specifically to the rights of Plaintiff Penny J. Shockey.

WHEREFORE, Plaintiff Penny J. Shockey requests that judgment be entered against Defendant Hospital and Defendant Bessine Walterbach for the following damages:

a.     The actual damages suffered by Shockey from Defendants' wrongful garnishments and wrongful charges,

b.     Compensatory damages including damages for the humiliation, embarrassment, loss of reputation and emotional distress caused Shockey,

c.     Punitive damages as allowed by law,

d.     Reasonable attorney fees, and

e.     For such other and further relief as the Court deems proper.

## COUNT III

### BREACH OF CONTRACT

### Penny J. Shockey v. Ray County Memorial Hospital

COMES NOW Plaintiff Penny J. Shockey and for Count III of her Petition against Defendant Ray County Memorial Hospital states as follows:

59.     Plaintiff Shockey hereby incorporates the allegations of paragraphs 1 through 58 by reference as though fully set out herein.

60.     That the following actions by Hospital constitute a breach of Hospital's contract and agreement with Shockey:

11

a. That Shockey agreed to pay only for the treatment to be given by Hospital to her as a patient and not Hospital's treatment to her estranged husband or adult daughter.

b. That Shockey agreed to assign her insurance benefits only for application on her bill, and not to pay the bills of other patients for whom she was not responsible or guarantor.

c. That Shockey agreed only to pay the charges of Hospital according to the regular rates and terms of Hospital and not for unreasonable amounts for attorney fees or for other patients' bills for whom she was not responsible or guarantor.

61. That Hospital's breach of its contract with Shockey caused Shockey an ascertainable loss of consequential damages and economic injuries, including the monies collected from Shockey which she did not owe, damage to her credit, humiliation and embarrassment, a loss of reputation, emotional distress, legal expenses and other damages.

62. That Hospital's breach of its contract with Shockey was willful and without just cause or excuse and therefore justifies the imposition of punitive damages.

WHEREFORE, Plaintiff Penny J. Shockey requests that judgment be entered against Hospital for:

a. The actual damages suffered by Shockey from Hospital's breach of contract, including reimbursement for the amounts wrongfully paid by her, the costs and expenses incurred as a result of the wrongful charges, collections, judgments and garnishments,

b. Compensatory damages including damages for the humiliation, embarrassment, loss of reputation and emotional distress caused Shockey,

c. Punitive damages as allowed by law,

d. Consequential damages including reasonable attorney fees, and

e. For such other and further relief as the Court deems proper.

## COUNT IV

## MONEY HAD AND RECEIVED AND UNJUST ENRICHMENT

### Penny J. Shockey v. Ray County Memorial Hospital and
### Bessine Walterbach, LLP

COMES NOW Plaintiff Penny J. Shockey and for Count IV of her Petition against Defendant Ray County Memorial Hospital and Defendant Bessine Walterbach states as follows:

63.     Shockey hereby incorporates the allegations of paragraphs 1 through 62 by reference as though fully set out herein.

64.     That Hospital and Bessine Walterbach repeatedly sued Shockey for amounts in excess of what she owed Defendant Hospital, including the bills of her estranged husband and adult daughter and unreasonable attorney fees.

65.     That Hospital and Bessine Walterbach repeatedly garnished Shockey for amounts in excess of any amount Shockey owed Defendant Hospital.

66.     That Hospital and Bessine Walterbach knew or should have known that the monies obtained from Shockey were in excess of what Shockey owed Defendant Hospital.

67.     That Hospital and Bessine Walterbach received and retained the monies which Shockey did not owe and under circumstances that in equity and good conscience call for Defendant Hospital and Bessine Walterbach to refund the monies to Shockey.

68.     That Hospital and Bessine Walterbach have kept and benefitted from the money which they obtained from Shockey under duress.

69.     That the retention by Hospital and Bessine Walterbach of the monies is unjust, and willful and without just cause or excuse and therefore justifies the imposition of punitive damages.

13

WHEREFORE, Plaintiff Penny J. Shockey prays for judgment against Defendant Hospital and Defendant Bessine Walterbach for the monies unjustly obtained from Plaintiff Penny J. Shockey, and for an award of punitive damages and for interest and costs and attorney's fees and for such other relief as may be just.

## COUNT V

### PETITION TO SET ASIDE JUDGMENT PURSUANT TO RULE 74.06(d)

### Penny J. Shockey v. Ray County Memorial Hospital

COMES NOW Plaintiff Penny J. Shockey and for her Petition to Set Aside Judgment Pursuant to Rule 74.06(d) states as follows:

70.     That Plaintiff Penny J. Shockey (hereinafter "Shockey") is presently a resident of Kingfisher, Kingfisher County, Oklahoma, but was at all times mentioned herein a resident of Ray County, Missouri.

71.     Defendant Hospital is a not-for-profit hospital located in Richmond, Ray County, Missouri, and established as a county hospital pursuant to Sections 205.160 to 205.340 of the Revised Statutes of Missouri.

72.     Pursuant to Section 508.010(1) Revised Statutes of Missouri, venue is proper in Ray County, Missouri since Defendant Hospital is located in Richmond, Ray County, Missouri.

73.     That in September 2011, Hospital entered into a written contract with Shockey to provide medical services to Shockey.  The Hospital's standard contract is attached hereto as *"Exhibit A"*.

14

74. That according to paragraph Five of the contract Shockey agreed "that in consideration of the services to be rendered to the patient," Shockey would "pay the charges of the Hospital in accordance with the regular rates and terms of the Hospital".

75. However, contrary to the agreement Hospital charged Shockey for amounts she did not owe for services she did not receive.

76. That Hospital represented to Shockey that bills for her estranged husband Samuel Shockey and bills for her adult daughter LaQuisha Griffin were Shockey's bills.

77. That Shockey had not agreed to pay the bills of her estranged husband or her adult daughter, and Shockey was not a guarantor of the bills of her estranged husband or her adult daughter.

78. However, when Shockey was unable to pay these bills Hospital sued Shockey in the case styled *Ray County Memorial Hospital v. Penny Shockey, Case No. 12RY-CV00325, Verified Petition for Medical Services Rendered.*

79. In support of its petition against Shockey Hospital filed a sworn "Missouri Medical Affidavit" with this Court, attached hereto as *"Exhibit B"*, listing five accounts which Hospital attested were Shockey's responsibility.

80. That Hospital identified all the accounts in its Affidavit only by number, not by patient, and misrepresented to the Court that all the accounts were Plaintiff's accounts.

81. That the Affidavit filed by Hospital was false, and misrepresented that Shockey was responsible for all of these accounts when Hospital knew that only two of these accounts were Shockey's, and that of the total balance of Three Thousand Four Hundred Sixty-Seven Dollars and Forty-Nine Cents ($3,467.49), the amount of Two Thousand Seven Hundred Seventy-Five Dollars and Eighty-Seven Cents ($2,775.87) was not Shockey's responsibility.

15

Electronically Filed - Ray Circuit Division - July 16, 2019 - 10:31 AM

82.     That Hospital misrepresented to Shockey and to the Court that all these accounts were Shockey's accounts when Hospital knew or should have known that the accounts were those of Samuel Shockey and LaQuisha Griffin.

83.     That Hospital's misrepresentations were material.

84.     That the Court issued judgment against Shockey and in favor of Hospital based on Hospital's misrepresentations.  The judgment also included awards for interest and attorney fees based on the accounts Shockey did not owe. The judgment is attached as *"Exhibit C"*.

85.     That Hospital intended for Plaintiff and the Court to rely on Hospital's misrepresentations.

86.     That Plaintiff and the Court had a right to rely on Hospital's sworn affidavit and did rely on the affidavit, and such reliance was reasonable.

87.     That Shockey did not know that Hospital's affidavit was false.

88.     That the Court awarded judgment against Shockey based on Defendant's false affidavit.

89.     That Hospital then repeatedly garnished Shockey's wages on the above judgment which included the bills of her estranged husband and her adult daughter.

90.     That the wrongful garnishments of Shockey's wages by Hospital resulted in an unlawful seizure of Shockey's wages in excess of thousands of dollars.

16

WHEREFORE, Plaintiff prays that the Court set aside the judgment as fraudulent pursuant to Rule 74.06(d) which it entered against Plaintiff and in favor of Hospital in case no. 13RY-CV01199, and that the Court set this matter for trial, and for such other relief as may be just.

FARRELL D. HOCKEMEIER
Missouri Bar No. 25942
117 West Main Street
Richmond, Missouri 64085
Telephone: (816) 776-6443
Facsimile: (816) 776-7684
Email: hockemeierlaw@yahoo.com
ATTORNEY FOR PLAINTIFF

17

# RAY COUNTY MEMORIAL HOSPITAL

## AUTHORIZATION OF TREATMENT, GUARANTEE OF PAYMENT, ASSIGNMENT OF INSURANCE BENEFITS

1. **Release of Information:** The undersigned in consideration for the treatment to be given by Ray County Memorial Hospital to patient hereby agrees and expressly waives his/her privilege (and the privilege of the patient being treated if other than the undersigned) to the confidentiality of medical records relating to this admission and any and all such medical treatment received relative to such admission including, without limitation, any psychiatric treatment, for the time period of this admission and agrees, understands and consents that all records generated by his/her treatment and/or admission to the hospital (or treatment of one for whom the undersigned has legal responsibility or authority to execute this consent form) can be reviewed by any person or organization authorized by law or by a third party payor who may provide insurance payments to the hospital for the charges incurred for the services rendered to the patient and also expressly authorizes the hospital to release such records to such payor or to any person or organization authorized by law to review these records for any lawful purpose.

2. **Consent to Hospital Care:** The undersigned has been informed of the treatment considered necessary for the patient whose name appears on the reverse hereof and that the treatment and procedures will be performed by Emergency Room contracted physicians, members of the house staff and employees of the hospital. Authorization is hereby granted for such treatment and procedures.

3. **Personal Valuables:** It is understood and agreed that the hospital maintains a safe for the safekeeping of money and valuables and the hospital shall not be liable for the loss or damage to any money, jewelry, glasses, dentures, furs, fur coats, and fur garments or other articles of unusual value and small compass, unless placed therein, and shall not be liable for loss or damage to any other personal

4. property, unless deposited with the hospital for safekeeping.

4. **Assignment of Insurance Benefits:** In the event the undersigned is entitled to hospital benefits of any type whatsoever arising out of any policy of insurance insuring patient or any other party liable to patient, said benefits are hereby assigned to Hospital for application on patient's bill, and it is agreed that the hospital may receipt for any such payment and such payment shall discharge the said insurance company of any, and all obligations under the policy to the extent of such payment, the undersigned and/or patient being responsible for charges not covered by this assignment.

5. **Financial Agreement and Payment Guarantee:** Both undersigned patient and the guarantor(s) agree that in consideration of the services to be rendered to the patient, they hereby individually obligate themselves to pay the charges of the hospital in accordance with the regular rates and terms of the Hospital. Should the account be referred to an attorney for collection, the undersigned shall pay reasonable attorney's fees and collection expenses. All delinquent accounts bear interest at the legal rate.

6. **For Medicare/Medicaid Beneficiaries Only:** I certify that the information given by me in applying for payment under Titles XVIII & XIX under the Social Security Act is correct. I request that payment of authorized benefits be made on my behalf for any services furnished me by, or in, Ray County Memorial Hospital, including physicians services. I authorize any holder of medical or other information about me to release to the health care financing administration and agents any information necessary to determine these benefits or related services. I have complied with answers to the Medical Secondary Questionnaire.

The undersigned certifies that he has read the foregoing, and is the patient, or is duly authorized by the patient as patient's general agent to execute the above and accept its terms. All guarantors certify that they have read the foregoing and accept its terms.

| Date | Witness | Patient | |
|------|---------|---------|--|

| Date | Witness | Responsible Party | Relationship to Patient |
|------|---------|-------------------|-------------------------|

Use of Emergency Room contracted physician services

| *Have the patient initial if they approve:* |
|---|
| _____ I acknowledge I have received the Notice of Privacy Policy. |
| _____ I am willing to have my name listed on the hospital directory. |
| _____ My religious preference, if any, may be shared with the clergy. |

**EXHIBIT A**

# MISSOURI MEDICAL AFFIDAVIT

STATE OF Missouri

COUNTY OF Ray

Sandra J McBee being sworn deposes that he/she is authorized to make this Affidavit as designee for RAY COUNTY MEMORIAL HOSPITAL who provided the service. Pursuant to R.S. Mo. 490.525 the amount RAY COUNTY MEMORIAL HOSPITA charged for the service/s were resonable at the time and place provided. The following statement is taken from the original records of RAY COUNTY MEMORIAL HO and that upon information and belief the balance of the account/s

| Account # | Client # | Current Bal. | DOS | Reference # |
|-----------|----------|--------------|----------|-------------|
| 01639458 | 0172 | $366.06 | 01/15/08 | 429790 |
| 01826323 | 0172 | $1103.69 | 12/18/08 | 453700 |
| 02314058 | 0172 | $325.56 | 09/07/11 | 529971 |
| 02321049 | 0172 | $1339.60 | 09/14/11 | 529640 |
| 02321050 | 0172 | $332.58 | 09/26/11 | 531426 |

Total Balance      $3467.49

Shown due is true and correct, that the said balance with statutory interest thereon if justly due and owing to RAY COUNTY MEMORIAL HOSPITAL . All payments made prior to this Affidavit have been rightfully credited to the account. _____ Attorney/s at law, is hereby authorized to file suit on behalf of RAY COUNTY MEMORIAL HOSPITAL for collection of the account. Further Affiant sayeth naught.

Responsible Party: PENNY J SHOCKEY
And/Or:

Affiant

Subscribed and sworn to before me on this 1st day of March ,2012.

Notary Public

My Commission Expires   12.2.15

DONALD D. HARR
Notary Public - Notary Seal
State of Missouri
Commissioned for Ray County
My Commission Expires: December 02, 2015
Commission Number: 11523631

EXHIBIT
B

## IN THE CIRCUIT COURT OF RAY COUNTY, MISSOURI
## AT RICHMOND

RAY COUNTY MEMORIAL HOSPITAL,

Plaintiff(s),

v.

PENNY SHOCKEY,

Defendant(s).

Case No. 12RY-CV00305

### CIVIL JUDGMENT

    NOW on this 25th day of June, 2012, the above-captioned case comes before the Court. Plaintiff(s) appears by Attorney for Larry Enkelmann, LLC.

☒ Defendant(s) PENNY SHOCKEY appears in person;

☐ Defendant(s) by Attorney;

☐ Although duly summoned and called, defendant(s) PENNY SHOCKEY does not appear and is in default;

☐ Defendant(s) consents to judgment.

Case is taken up and heard. **IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that Plaintiff(s) has JUDGMENT against Defendant(s) as follows:**

$3,467.49 in principal;

$566.05 in interest plus post judgment interest at the statutory rate of 9% per annum;

$520.12 in attorney fees

Court costs assessed to Defendant(s). Service of process fees assessed to Defendant(s).

☐ (check if applicable) Stay of Execution is ordered as follows: $     shall be paid by defendant(s) to Plaintiff(s) by the      day of      , 2012 and on that date each month thereafter until paid in full. In default let execution issue.

                                        *James Carey Thompson*

                                  JUDGE

**EXHIBIT C**